# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

CHRIS J. JACOBS III,

                    Petitioner,

          vs.                                          Case No. 03-C-1476

WARDEN BERTRAND
Warden at Green Bay
Correctional Institution,

                    Respondent.

---

# DECISION AND ORDER

---

The *pro se* petitioner, Chris J. Jacobs ("Jacobs"), who is currently incarcerated at Green Bay Correctional Institution, filed a petition (the "Petition") for a writ of *habeas corpus* in this Court, pursuant to 28 U.S.C. § 2254. The Court received that petition on December 29, 2003, and, after an initial review, ordered a response from Warden Bertrand.[1] Presently before the Court is Jacobs's motion to supplement the record. The Court, however, will not reach the merits of Jacobs's motion because, after further examining the record, the Court has determined that Jacobs's claim is not cognizable under 28 U.S.C. § 2254. Jacobs, if he wishes to pursue his claims, must proceed under 42 U.S.C. § 1983.

---

[1]In accordance with an Order dated May 3, 2004, the Respondent also filed a supplemental answer to Jacobs's petition.

Following a prison disciplinary hearing, Jacobs was found guilty of violating Wis. Admin. Code § DOC 303.24.[2] For this infraction, he received a penalty of six days adjustment segregation and 180 days of program segregation. Contesting the legality of the administrative proceedings and his penalty, Jacobs filed a document entitled "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody" with this Court. In his petition, Jacobs raised five grounds for relief. Specifically, Jacobs contended that the order he disobeyed–thereby leading to the aforementioned penalties–was "illegal" and his subsequent segregation was imposed in violation of applicable prison rules and laws. Jacobs also claims that during the adjudication of his segregation challenge, he was denied the opportunity to present evidence of retaliatory conduct as well as certain witness testimony.[3]

The federal habeas statue, 28 U.S.C. § 2254, provides state prisoners being held "in custody in violation of the Constitution or laws or treaties of the United States" a means to challenge their confinement. 28 U.S.C. § 2254(a). By contrast, 42 U.S.C. § 1983 provides

---

[2]Wis. Adm. Code § DOC 303.24 states:

(1) Any inmate who disobeys a verbal or written directive or order from any staff member, directed to the inmate or to a group of which the inmate is or was a member is guilty of an offense.
(2) An inmate is guilty of an offense if the inmate commits an act which violates an order, whether the inmate knew or should have known that the order existed.

Wis. Adm. Code. § DOC 303.24.

[3]Jacobs lists as a ground for relief: "Refused witness who order [sic] Jacobs to speak forsing [sic] Jacobs to disobey Captain Muraski's order." Petition at 2. This ground could mean that Jacobs was denied the opportunity to present witness testimony during his disciplinary proceedings. Alternatively, the ground might proffer some justification for Jacobs's actions during the incident in question. The Court, absent more information, cannot discern the exact meaning of this ground.

Jacobs also states, as a ground in his petition, that the officer who issued the order that Jacobs allegedly disobeyed, "was the start of the exhaustion of administrative remedies as required by rules." Petition at 2. The Court does not understand what Jacobs is attempting to convey in this ground.

2

relief for individuals deprived by a person acting under color of law of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. A state prisoner challenging the fact or duration of his custody and seeking immediate or speedier release therefrom must proceed under § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 489-90 (1973). A prisoner challenging the conditions of his custody must seek relief under 42 U.S.C. § 1983. However, insofar as a prisoner's confinement in disciplinary segregation seems to resist ready classification into these discrete categories and insofar as the case law with respect to prisoner challenges to disciplinary segregation has changed over time, a brief review of relevant decisions may prove useful.

In the past, courts in this jurisdiction held that habeas relief was available to challenge disciplinary proceedings that resulted in disciplinary segregation. In *McCullom v. Miller*, the Seventh Circuit considered a prisoner's challenge to disciplinary proceedings that resulted in placement in segregation. 695 F.2d 1044 (7th Cir. 1983). The Court expressed its agreement with other decisions finding that habeas corpus "can be used to get from a more to a less restrictive custody." *McCullom*, 695 F.2d at 1046.

This position was reiterated in *Graham v. Broglin*, 922 F.2d 379, 381 (1991). In *Graham*, the Seventh Circuit sought "to clarify the relation between an action for habeas corpus (28 U.S.C. § 2254) and a civil rights action (42 U.S.C. § 1983)." *Graham*, 922 F.2d at 380. In that case, the Court identified two sets of claims, each falling into an easily identifiable category of action. The first group of claims, prisoner challenges to the length

3

of a term of imprisonment, was tantamount to "custody" challenges and comfortably fit within the ambit of relief afforded by habeas corpus. The second set of claims, challenges to the conditions of a prisoner's confinement, had to be brought pursuant to civil rights law. *Graham*, 922 F.2d at 380. The Court did identify a third, intermediate type of suit in which a prisoner objects to a transfer from a less to a more restrictive form of custody. *Id*. After analyzing the approaches of the First and Third Circuits, as well as its own decision in *McCollum*, the Court offered the following generalization:

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody–whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation–then habeas corpus is his remedy. But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.

*Id*. at 381. The Court held that a prison's denial of a prisoner's application for work release was more akin to a change in the conditions, rather than the fact of custody and, therefore, should be characterized as an action under civil rights law. *Id*.

In 1998, the Seventh Circuit expressed doubt regarding whether a prisoner's challenge to disciplinary segregation could proceed under § 2254. *See Sylvester v. Hanks*, 140 F.3d 713, 714 (7th Cir. 1998). In *Sylvester*, the Seventh Circuit noted that "Section 2254 is the appropriate remedy only when the prisoner attacks the fact or duration of 'custody,' although dramatically more restrictive confinement may be contested in a collateral attack under §

4

2254." *Sylvester*, 140 F.3d at 714; ; *see also Pischke v. Litscher*, 178 F.3d 497, 499-500 (7th Cir. 1999).

Three years later, in *Montgomery v. Anderson*, the Seventh Circuit considered a prisoner's challenge to loss of good-time credits as well as his placement in disciplinary segregation. 262 F.3d 641(7th Cir. 2001). The Court found the former, as a challenge to the fact or duration of custody, to be cognizable under § 2254. However, the Court clarified that "[d]isciplinary segregation affects the severity rather than the duration of custody." *Id*. at 644. The Court identified § 1983 as the proper vehicle for challenging more restrictive custody, "in the uncommon circumstances where it can be challenged at all."[4] *Id*.

Having reviewed Jacobs's petition, the Court finds that his claim is not cognizable under § 2254. For the habeas statute to be applicable, Jacobs must demonstrate that the disciplinary proceeding that he is challenging resulted in his placement "in custody." *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2001). Placement in disciplinary segregation,

---

[4]The change in approach to disciplinary segregation is consistent with an understanding of the consequences of imprisonment. While imprisonment does not strip an individual of all his constitutional rights, *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974), it necessarily imposes significant limitations on his rights and privileges. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977). Prison management often requires the transfer of a prisoner from one location to another within a particular prison, or from one prison to another. Such movement is a natural consequence of incarceration and does not, in and of itself, implicate a prisoner's "liberty" interest. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Consequently, the transfer does not constitute placement "in custody," and, therefore, a prisoner is barred from challenging such a transfer under § 2254 and must instead seek relief through civil rights law. *See Sandin v. Conner*, 515 U.S. 472 (1995).

Similar to a transfer, a prisoner's placement in disciplinary segregation for misconduct is an important aspect of effective management of prisons and the rehabilitation of prisoners. *Sandin*, 515 U.S. at 485. Discipline for prisoner misconduct falls within the expected scope of incarceration and disciplinary segregation is a common form of such prison discipline. *Id*. Thus, courts have reasoned that placement in disciplinary "segregation does not implicate a 'liberty' interest and, therefore, cannot be considered 'custody' for purposes of § 2254." *Montgomery*, 262 F.3d at 644; *Sylvester*, 140 F.3d at 714.

5

however, does not constitute placement of a prisoner "in custody," at least for purposes of § 2254. Because only the condition of Jacobs's confinement or the severity of his custody is at issue (see *Montgomery*, 262 F.3d at 643), Jacobs's claim must be brought under § 1983.[5]

Where, as here, a prisoner has filed a petition for habeas corpus but should have brought an action under § 1983, he should be granted leave to do so or the mislabeled portion of the pleading should be ignored and his claim addressed on the merits. *Andrews v. United States*, 373 U.S. 334, 338 (1963). Accordingly, the Court will provide Jacobs thirty days in which to make one of the following decisions. He may: (1) withdraw his "petition" altogether if he no longer wishes to pursue his action or (2) he may submit an amended complaint and IFP application, within the time period prescribed in this Order, using the forms attached hereto. If Jacobs has not informed the Court of his choice within the time prescribed by this Order, the Court will understand that he has chosen to withdraw his complaint. In that event, the Court will dismiss his action without prejudice. In the event that Jacobs decides to submit an amended complaint, the Court will revise the caption to this case and provide the Defendant an opportunity to answer or file another responsive pleading as allowed by the Federal Rules of Civil Procedure.

---

[5] The Court's re-characterization of Jacobs's action does not necessarily spell its doom. The Seventh Circuit has, in accord with the Second Circuit, found that the favorable-termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994) does not bar a prisoner's challenge, under § 1983, to an administrative sanction that does not affect the length of the prisoner's sentence. *See Dewalt v. Carter*, 224 F.3d 607, 616 (7th Cir. 2000). Similar to the court in *DeWalt*, this Court finds that, while federal habeas relief is not available to Jacobs for the claims he asserts, he is able to proceed under § 1983. The language of § 1983 supports this conclusion as does the Supreme Court's decision in *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *See DeWalt*, 224 F.3d at 617; *Jenkins v. Haubert*, 179 F.3d 19, 27 (2d Cir. 1999) (finding that prisoner could bring a § 1983 action challenging the validity of disciplinary sanction that did not affect fact or duration of confinement, without having to show that criminal proceedings were terminated in prisoner's favor).

6

Jacobs's Motion to Supplement the Record is dismissed insofar as the Court has changed the nature of the instant action. Jacobs may, of course, include such information in an amended complaint utilizing the proper § 1983 form.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Jacobs's Motion to Supplement the Record (Docket No. 16) is **DISMISSED**.

Jacobs, if he wishes to pursue his present claims, must refile his complaint no later than May 31, 2005, utilizing the attached § 1983 form.

If Jacobs fails to file his claim under § 1983 by May 31, 2005, the present action shall be **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin this 28th day of April, 2005.

**BY THE COURT**

**s/ Rudolph T. Randa**
**Hon. Rudolph T. Randa**
**Chief Judge**