# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRIS J. JACOBS III,

    Petitioner,

    V.    Case No. 03-C-1476

WARDEN BERTRAND,
Green Bay Correctional Institution,

    Respondent.

## DECISION AND ORDER

Previously, Chris J. Jacobs III ("Jacobs") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In a Decision and Order dated April 28, 2005, this Court found that Jacobs' underlying claims had been brought pursuant to the wrong statute and were, in fact, only cognizable under 42 U.S.C. § 1983. Accordingly, the Court provided Jacobs 30 days in which to (1) withdraw his "petition" altogether if he no longer wished to pursue his action or (2) submit an amended complaint and IFP application pursuant to 42 U.S.C. § 1983. The Court warned Jacobs that failure to submit the proper or amended filings within the prescribed time frame would result in the dismissal of his action. The deadline imposed by the Court, May 31, 2005, came and went. Jacobs did not respond to the Court's

Order and, therefore, his action was dismissed without prejudice, by order of the Court dated June 16, 2005.

On June 21, 2005, the Court received a missive from Jacobs in which he claimed that he had never received a copy of the Court's June 16th Order. He stated that he became aware of the order only when he received a copy of a proposed dismissal order drafted by the assistant attorney general. This draft proposal was submitted to the Court when Jacobs failed to meet the Court's May 31, 2004 deadline. In his letter, Jacobs suggested that prison staff was seizing and withholding his mail. He requested a copy of his originally filed habeas petition.

Next, on July 19, 2005, the Court received Jacobs' Motion to Reconsider, dated July 14, 2005. Though no rule is cited, Jacobs likely intended to invoke Rule 60 of the Federal Rules of Civil Procedure, which affords a party relief from a judgment. In his motion, Jacobs contends that the Court's dismissal of his case was "wrong" because the disciplinary action instituted against him by prison staff deprived him of good-time credits. Further, a deprivation of good-time credits, Jacobs continues, is a legitimate basis for a habeas petition.

Jacobs is correct in his assertion that a loss of good-time credits may form the basis of a viable habeas petition. However, Jacobs did not claim such a loss in his self-styled habeas petition; his placement in disciplinary segregation was the sole basis for relief identified. In fact, the only reference to good-time credits in the record was supplied by the state in its response. Specifically, in the attachments to its supplemental answer–supplied

2

when the parties were operating under the assumption that Jacobs' action was, in fact, a habeas petition–the state included a document filed by Jacobs in the state circuit court. This latter document, entitled "Petition for Review," states that "Jacobs is attacking the lost [sic] of good time" and seeks expungement of the disciplinary ticket against him.

Jacobs' petition before this Court was a habeas corpus action in name only; in substance, it was a Section 1983 action. Now, Jacobs insists that the Court's characterization of his petition is wrong and he did, in fact, file a proper habeas action. Apparently, Jacobs thinks he can substantiate his position by submitting a new ground for relief that appeared nowhere in his original filing.

Jacobs' original filing would not pass muster under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The habeas statute does not provide relief for claims based solely on wrongful disciplinary segregation when the length or duration of a prisoner's custody is not impacted. While the Court notes that a prisoner may challenge his disciplinary segregation without seeking relief from a loss of good-time credits (and vice versa), there is no presumption that a challenge to one encompasses the other. In other words, Jacobs did not challenge any loss of good-time credits when he raised only the issue of disciplinary segregation in his "petition." He cannot come, now, after the fact, and supply a new ground that would afford him relief under § 2254. Because there was no claim or reference to a loss of good-time credits in his petition, Jacobs' action was properly found

3

to be cognizable only under Section 1983. Accordingly, Jacobs has failed to provide any reason for the Court to reconsider its prior decisions and dismissal.

**NOW THEREFORE, BASED UPON THE FOREGOING IT IS HEREBY ORDERED THAT:**

Jacobs' Motion for Reconsideration (Docket No. 24) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2005.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**